

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00159-CV

———————————————

IN THE INTEREST OF I.B., a Child

---

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 2011-10544-16

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In this suit affecting the parent–child relationship (SAPCR), pro se Appellant D.B. (Father) challenges three trial court orders:  (1) a January 2025 order holding him in contempt; (2) a February 2025 order denying his request for temporary orders; and (3) a March 2025 order granting a directed verdict against him on his motion for enforcement.[1]

But our appellate jurisdiction is limited to the review of (1) interlocutory orders for which immediate appeal has been statutorily authorized and (2) final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *In re A.L.*, No. 02-17-00460-CV, 2018 WL 895206, at *1 (Tex. App.—Fort Worth Feb. 15, 2018, no pet.) (mem. op.); *In re A.B.C.*, No. 04-97-00061-CV, 1997 WL 684970, at *1 (Tex. App.—San Antonio Nov. 5, 1997, no pet.) (not designated for publication).  None of the challenged trial court orders have been statutorily authorized for immediate interlocutory appeal.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing immediately appealable interlocutory orders); *A.B.C.*, 1997 WL 684970, at *1–2 (clarifying that SAPCR contempt order was not challengeable via direct appeal, holding that order enforcing child support was not subject to immediate interlocutory appeal, and dismissing appeal for want of jurisdiction).  And because matters remain pending in the underlying case—most notably, Father's petition to modify the parent–

---

[1]Father also challenges a set of April 2025 orders denying his motions for new trials on these three rulings.

child relationship—no final judgment has been entered. *See Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 152 (Tex. 2023) ("Final judgments necessarily resolve all claims for all parties to a case."); *Lehmann*, 39 S.W.3d at 195 (similar); *A.B.C.*, 1997 WL 684970, at *1–2 (holding no final judgment when appellant challenged contempt and enforcement orders but motion to modify remained pending).

Consequently, we notified Father of our concern that we lacked jurisdiction over his appeal and warned that we could dismiss the appeal unless, within ten days, he (or any other party) showed grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. More than a month has passed, and we have not received a response.

We therefore dismiss Father's appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f); *see A.L.*, 2018 WL 895206, at *1 (dismissing interlocutory SAPCR appeal for want of jurisdiction); *A.B.C.*, 1997 WL 684970, at *2 (similar).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: May 22, 2025

3